Sylvester COUSER, Petitioner,

v.

### D.C. DEPARTMENT OF EM-PLOYMENT SERVICES, Respondent.

### No. 98–AA–745.

District of Columbia Court of Appeals.

Submitted Oct. 28, 1999.

Decided Nov. 30, 1999.*

Sylvester Couser filed a brief pro se.

Sharman J. Monroe, Washington, DC, was on the brief for respondent.

Before STEADMAN, SCHWELB and WASHINGTON, Associate Judges.

STEADMAN, Associate Judge:

Sylvester Couser ("Petitioner") appeals a final decision of the District of Columbia Department of Employment Services ("DOES" or "agency") denying him unemployment benefits for ten weeks. We affirm.

### FACTUAL SUMMARY [1]

Petitioner worked as a nurse at Stoddard Baptist Nursing Home for just under seven years. During the course of his employment, Petitioner developed a hostile relationship with his immediate supervisor. A particularly contentious incident occurred on September 24, 1997. As a result of this incident, and in an effort to remedy the situation, Petitioner's employer informed him on October 8 that he was being transferred to the day shift. Petitioner agreed to this transfer.

Several days later, however, Petitioner resigned by way of a handwritten note, dated October 11, which simply stated: "I Sylvester Couser hereby am giving you two weeks notice of my resignation which will be on 10/24th 1997." Petitioner did not report to work again.

After leaving his job, Petitioner applied for unemployment benefits. They were initially denied pursuant to D.C.Code § 46–111(a), which provides that a person who voluntarily resigns a job without good cause may be temporarily ineligible for unemployment benefits. Petitioner timely

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on November 30, 1999. It is now being published by direction of the court.

1. This summary adopts the DOES hearing examiner's findings of fact to the extent they were not disturbed by the agency. It also reflects uncontroverted evidence in the record.

requested a hearing, at which he acknowledged that he voluntarily resigned but claimed that he did so for "good cause connected with the work." Specifically, Petitioner attempted to prove that he resigned as a result of "stress and other factors" arising from a hostile work environment, characterized by gender discrimination and a contentious relationship with his supervisor.

The DOES hearing examiner ultimately rejected Petitioner's discrimination claim, which he does not appeal. However, she made a factual finding that Petitioner "resigned on the advice of physician; due to job related stress." Based on this finding, she concluded as a matter of law that Petitioner was qualified for benefits pursuant to 7 DCMR 311.4 because he had successfully proven he left his job for "good cause connected to the work."

On appeal, the Director of the DOES Office of Appeals and Review reversed the hearing examiner's decision, relying largely on 7 DCMR 311.7(e), which the hearing examiner never addressed. Regulation 311.7(e) provides that "[i]llness or disability caused or aggravated by the work" only constitutes "good cause connected with the work" for purposes of determining benefit eligibility "[p]rovided the claimant has previously supplied the employer with a medical statement." *See Bublis v. District of Columbia Dept. of Employment Services,* 575 A.2d 301 (D.C.1990) (finding requirement reasonable). Noting that 7 DCMR 311.4 puts the burden on Petitioner to show "good cause," the Director concluded that Petitioner offered insufficient evidence that he satisfied this requirement.

## ANALYSIS

▉ Our review is limited to determining whether there is substantial evidence in the record to support the agency's final decision. D.C.Code § 1–1510(a)(3)(e) (1999); *Washington Times v. District of Columbia Dept. of Employment Services,* 724 A.2d 1212, 1216 (D.C.1999). There was no testimony on the medical statement issue during the hearing before the agency. Further, the relevant documentary evidence presented to the hearing examiner indicates only that Petitioner was seen (1) by a physician on October 13 who recommended he not work from October 13 to 15 as a result of work-related stress and (2) by a psychotherapist on October 16 who recommended he not work from October 16 until his already-scheduled resignation on October 24. There is no evidence in the record before the hearing examiner that Petitioner actually submitted these documents to his employer prior to resignation or even told them he had been advised to resign as a result of a medical condition.[2] A statement in the record, dated November 18, from the physician who treated Petitioner on October 13 is not helpful, even though it indicates that a physician did advise Petitioner to resign, because it was requested by DOES and provides no insight into whether Petitioner informed his employer of the diagnosis or recommendation before his resignation.

Based on this record, there is substantial evidence to support the agency's finding that Petitioner did not prove he supplied his employer with a medical statement prior to resignation as required by 7 DCMR 311.7(e).

*Affirmed.*

---

2. Petitioner asserts in his brief on appeal that he gave the two documents to his supervisor during an October 20 "exit interview." However, we may only review the evidence presented to the hearing examiner, which does not include such an assertion. *See* D.C.Code § 1–1510(a) (1999). In any event, Petitioner's resignation of October 11 bore every indication of unconditional finality and neither of the medical documents dated prior to the effective date of resignation would appear to have given the employer notice of a change of view so as to "permit the employer to take steps, if any, to accommodate the employee and avoid a job-necessitated resignation." *Bublis, supra,* 575 A.2d at 303–04.